JAIRUS B. LINCOLN *vs.* NATHANIEL STEVENS.

.n an action against the indorser of a note by an indorsee who received it of the maker, the burden of proof, as to facts set up in avoidance of the note, is on the defendant, although he was apprised, when he received the note, that the defendant indorsed it merely for the maker's accommodation.

ASSUMPSIT on a promissory note for $2000, dated August 1st 1840, made by the firm of P. & B. S. Hale, payable to the de

fendant or order in six months, and by him indorsed. The only defence made by the defendant was, that P. Hale, one of said firm, obtained the defendant's indorsement, as accommodation merely, and upon a representation that said firm wished and intended to obtain a discount of the note at a bank, for the purpose of procuring funds to purchase wheat for the supply of the mill of the firm at Lowell; that having thus procured the defendant's indorsement *malâ fide*, said P. Hale, within a few days after the date of the note, gave it to the plaintiff on account of a preëxisting debt. The judge before whom the trial was had instructed the jury, that as the defendant had admitted his indorsement, and due notice of non-payment by the makers, and demand on him for payment, the burden of sustaining the defence was upon him, and that if he failed to prove the facts alleged by him, as the ground of his defence, or left the jury under a reasonable doubt of their truth, the plaintiff should have a verdict. A verdict was returned for the plaintiff, and the defendant filed exceptions to said instructions.

*J. P. Rogers*, for the defendant.

*W. D. Sohier*, for the plaintiff.

DEWEY, J. I do not know that the counsel for the defendant would contend against the ruling, any further than that, in the present case, upon its peculiar circumstances, the burden was not on the defendant to establish the facts relied on in his defence. Those circumstances are, that one of the makers of the note had the same in his own possession at the time of the transfer to the plaintiff, although then indorsed by the defendant, the payee of the same; and that this fact of the possession of the note by one of the makers, after the same was indorsed, must necessarily have apprised the plaintiff, when he took it, that he was taking an accommodation note. Assuming this to be so, we do not perceive that it would affect the rights of the party holding the note as indorsee, in the matter of burden of proof as to the facts set up in avoidance of the note. Because it was an accommodation note, it was not therefore *primâ facie* a note fraudulently put in circulation; nor does that fact indicate that the maker is acting *malâ fide* in transferring it.

This, to a great extent, is the usual course of business, where the maker would raise money upon his own note secured by an indorser. This fact, therefore, indicates nothing unusual, nor was it calculated to excite the attention of the indorsee; nor can it affect his legal rights.

*Judgment on the verdict*